**PULEFA`ASISINA P. TUIASOSOPO, Plaintiff,**

**v.**

**LIUA TAIFANE and PONEMAFUA AUELUA, Defendant.**

High Court of American Samoa
Trial Division

CA No. 109-04

April 15, 2005

Before KRUSE, Chief Justice; ATIULAGI, Associate Judge; and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Robert K. Maez
        For Defendant, Arthur Ripley, Jr.

## OPINION AND ORDER

At a meeting held in the Village of Amanave on December 15, 2004, Plaintiff Pulefa`asisina P. Tuiasosopo ("Pulefa`asisina") was unanimously selected by attendees to represent Lealataua County in the territorial senate. At a simultaneous December 15th meeting held in the Village of Poloa, Defendant Liua Taifane ("Liua") was unanimously selected by attendees, including the county chief Defendant Ponemafua Auelua ("Ponemafua"), to serve on the same senate seat. Ponemafua, in his role as county chief, then certified the election of Liua, which was accepted by the Office of Samoan Affairs and forwarded to the Senate. On January 3, 2005, Liua was sworn in as the Senator from Lealataua County.

Pulefa`asisina brought action contesting Liua's election, praying for declaratory and injunctive relief. Additionally, he seeks a writ of mandamus directing County Chief Ponemafua to certify the election of Pulefa`asisina, instead of Liua.

### Discussion

The Revised Constitution of American Samoa provides that, "[s]enators shall be elected in accordance with Samoan custom by the county councils of the counties they are to represent . . ." and that "[t]he decisions of the members of the county councils of the counties concerned shall be certified by the county chiefs of such counties. REV. CONST. AM. SAMOA, art, II,§ 4. *See also* A.S.C.A. § 2.0203. While the Senate, under Art. II, Sec. 22, has exclusive jurisdiction to determine the results of a senate election, this court has exclusive jurisdiction to decide whether an election had in fact occurred in accordance with requirements of Art. II, Sec. 4. *See Mauga v. Lutu,* 10 A.S.R.2d 115, 118 (Trial Div. 1989) (citing *Meredith v. Mola,* 4 A.S.R. 773, 776-77 (Trial Div. 1973); *Eseroma v. Faresa,* 31 A.S.R.2d 169, 172 (Trial Div. 1997); *Mulitauaopele v. Mata`utia,* 31 A.S.R.2d 175, 176 (Trial Div. 1997).

Practice has it that the Lealataua County senate seat has in the recent past been rotated between the two subdivisions of *Samatua* and *Tapua`iga.* The *Samatua* division is said to consist of the villages of Amaluia, Asili, Afao, Nua and Se`etaga, while the *Tapua`iga* division comprises Agagulu, Fa`ilolo, Amanave, Poloa, Fagali`i, Malota, and Fagamalo. *See*

*Meredith*, 4 A.S.R. at 775 n.2.[1] At the initial meeting to address the county's senate seat held by the two subdivisions in Poloa on December 4, 2004, the *Samatua*, consistent with the rotation understanding, withdrew from the meeting in favor of the *Tapua`iga* selecting the next senator from among its ranks.

There was no consensus, however, among the *Tapua`iga* at its December 4th discussions, with the meeting concluding on a discordant and unhappy note, to say the least. According to Plaintiff and his supporters, their Poloa meeting degenerated into a heated shouting bout after apparent attempts by the Poloa orators to set and steer the course of the meeting by asserting *pule* (traditional authority) over the proceedings. Subsequently, when Faletogo Taliloa, an orator of Fagamalo with *tauto`oto`o* (high talking chief) status attempted to notice, at the behest of Pulefa`asisina and others, a further meeting of the *Tapua`iga*, with Amanave as the venue, the Poloa *tauto`oto`o* were not to be outdone and maneuvered responsively to call a meeting themselves to ensure that venue remained at Poloa. To this end, the Poloa *tauto`oto`o* were successful in securing Ponemafua's commitment to attend their meeting at Poloa, scheduled for the exact same date and time as the one already noticed and called for Amanave.

The inconsistent results arrived at by the separate December 15th meetings of the two *Tapua`iga* factions were never placed before, nor considered by, a joint gathering of the *Tapua`iga* and *Samatua* subdivisions, as a deliberative body. Rather, the result of the Poloa meeting alone was certified by the county chief and presented to the Senate without further ado. Following that, Liua assumed the senate seat for the Lealataua.

Quite obviously, the evidence falls hopelessly short of any sort of determination favorable to Liua's claim that he was duly elected senator for Lealataua County, in accordance with law. The Village Council of Poloa does not, by any stretch of the imagination, translate into the

---

[1] We note, however, that the constitution is silent on a definition of "Senate District Lealataua." *See* REV. CONST. AM. SAMOA, art, II,§ 4; A.S.C.A. § 2.0203. The court in *Meredith* defined, without elaboration, "Senate District Lealataua," by resorting to the constitution's definition of House District, "Representative District No. 14, Lealataua," contained in REV. CONST. AM. SAMOA, art, II,§ 2. *See Meredith,* 4 A.S.R. at 775. *Cf.* A.S.C.A. § 5.0102(2) which, for County Government purposes, defines the "County of Lealataua," as "that portion of the Island of Tutuila which includes the villages of Afao (including the settlement of Atauloma), Amaluia, Amanave, Asili, Fagalii, Fagamalo, Agagulu and Failolo, *Leone,* Poloa, Nua and Seetaga." [Emphasis added].

multiple village councils of the *Tapua`iga* subdivision, just as it does not translate into the multiple village councils of the combined *Tapua`iga* and *Samatua* assembled. No amount of subjective spin on "Samoan custom" can take away one iota from the substantive requirements of the constitution, that "[s]enators shall be elected . . . by the county councils of the, counties they are to represent. . . ." REV. CONST. AM. SAMOA, art, II,§ 4.

As the evidence before us progressed, it quickly became clear that the controversy between the parties had less to do with electing a senator but more about being in control of the electoral process. Hence the perceived importance of setting the venue, convening the county, and co-opting the county chief. Inevitably, the result was the farcical situation of concurrent electoral meetings in both Poloa and Amanave for the singular senate seat for the Lealataua County.

Despite the fact that a simultaneous meeting of other county council members was taking place in Amanave, and despite the fact that the attendees of the Poloa meeting were, with the exception of Ponemafua[2], comprised only of members of the Poloa Village council, Liua nonetheless contends that he was appropriately elected as senator by the entire Lealataua County. The basis for his contention is a version of 'Samoan custom" largely propounded by his witness and cousin Taifane Falani ("Taifane"), a *tauto`oto`o*, pertaining to Poloa. According to Taifane, Poloa is the customary venue for Lealataua County council meetings, and as such, the orators of Poloa were, therefore, the only appropriate *tauto`oto`o* to convene county meetings in accordance with the custom of the county.[3] Extending this argument, defendants reason that because Poloa is the "usual meeting place" for county council gatherings, and that because the Poloa meeting, attended by Ponemafua, resulted in a consensus for Liua, and since Ponemafua certified Liua, Liua was, therefore, elected senator for Lealataua County.

▪ Liua's claim has no basis whatsoever in fact or law. As this court has noted on numerous occasions in the past, and as the Defendants must also be well aware, Art. II, Sec. 4 requires that "the ultimate election of the senator must come from the county council as a whole deliberative body and not from the council of a subdivision of that county." *Mauga*, 10 ASR.2d at 119; *see also Meredith*, 4 A.S.R. at 780-81. Clearly then, the Villages of Poloa and Fagali`i—if Ponemafua can be regarded as

---

[2] Ponemafua is a High Chief in his own right with *fa`asisina* (ranking chiefly) status from Fagali`i Village.

[3] Not surprisingly, this view is strongly opposed by their non-Poloa counterparts, as evident with the testimony of Pulefa`asisina's witness *tauto`oto`o* Faletogo from Fagamalo Village.

constituting the Fagali'i Village council—are not empowered by law, as mere constituents or sub-parts of the *Tapua'iga,* to elect the Lealataua County's senator. Rejecting a similar tactic advanced by a faction of the Maoputasi County in the *Mauga* case, the court there explained:

> the contention . . . that the customary decision-making process, as spoken of in the Constitution, includes an ability in the county to delegate completely that decision making to a mere sub-division of the county is simply untenable. The logical consequence of such an argument is that a new custom—nay even a bad habit or ill conceived practice—inconsistent with the requirements of the Constitution, will have the practical ability of repealing explicit and unambiguous provisions of the Constitution.

*Id.* at 120. To sanction such a practice would be to make a "mockery of the Constitution," *id.,* and we are not so inclined.

Although Ponemafua agreed to certify the results of the Poloa meeting, we hold that he lacked the authority to do so absent a decision reached by the county council as a whole, which includes not only those present in Poloa, but those also present in Amanave, as well as the *Samatua,* who were awaiting a conclusive outcome to the *Tapua'iga* deliberations. The county chief must be clear that his certification role in a senate election is "purely a ministerial duty," involving "no discretion whatsoever . . ." *Lualemaga v. Tuiolemotu,* CA No. 2504-72, slip op. at 2 (Trial Div. Jan. 8, 1973). Otherwise, if the county chief was able to "inject his own wishes, opinions, or conclusions . . . then meetings of the county council would be meaningless and futile, for the county chief could overturn their decisions arbitrarily." *Id.* at 3. *See also Meredith,* 4 A.S.R. at 778-78. Thus the deliberative body of the county council makes the decision for the county chief, and not the other way around. *See Mauga,* 10 A.S.R. 2d at 119 (observing that election by the county does not mean the appointment of a senator by one individual of the council); *Meredith,* 4 A.S.R, at 781 (stating that "the choice of senator lies solely with the county council"). Since there was no decision by the whole Lealataua County council electing Liua as senator, Ponemafua could not validly certify him.[4] *Mulitauaopele,* 31 A.S.R.2d 175, 179 n.3

---

[4] Defendants attempted to bolster Liua's senate claim by pointing out that other county *matai,* who were not even at the Poloa meeting, had subsequently endorsed Liua's candidacy by adding their signatures to the county chief's certification. These post-meeting certification attempts are nothing more than an exercise in futility; entirely ineffectual and irrelevant. If the electoral process is allowed to admit later consideration of hypothetical circumstances as to how an individual elector would have

(Trial Div. 1997).

## Conclusion and Order

█ We are satisfied on the evidence, and accordingly find, that Liua was not at all elected by the Lealataua County council and conclude that "[t]he process by which [he] was purportedly elected [was] patently unconstitutional. *Mulitauaopele* at 178.

At the same time, we cannot find and conclude that the Amanave meeting, favoring Pulefa`asisina's candidacy, satisfies the constitutional requirement that the senator for Lealataua be elected by the entire county council. REV. CONST. AM. SAMOA, art, II,§ 4. Accordingly, Pulefa`asisina's claim is without merit and his prayer for injunctive relief and for mandamus is denied.

With no county decision having been reached, we declare the Lealataua senate seat to be vacant and remand accordingly to the Lealataua County Council.

It is so ordered.

sided, had they attended the council meeting, there is no integrity with that process and certainly no finality to senatorial elections.